UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

      v.                                                                                        CR NO. 05-495 (JMF)

**HOWARD CAGLE,**

      **Defendant.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On September 11, 2005, Sergeant John Brennan and Investigator Parker, as well as other law enforcement officers, were patrolling in the vicinity of Orleans Place, N.E. in Washington, D.C. as part of multiple task force homicide prevention project. At approximately 2:15 a.m., Investigator Parker and another undercover officer were driving past the 600 block of Orleans Place when they were waved over by the defendant.

2. While Investigator Parker was attempting to buy some drugs from the defendant, the defendant became suspicious and pulled out, from his waistband, what police later learned was a bb gun and pointed it at Investigator Parker's face, while

        simultaneously asking him who he knew in the neighborhood.

3.     Investigator Parker backed away from the defendant, turned sideways, and pulled out his own weapon. Investigator Parker then shot the defendant twice in the hip/buttock region.

4.     Although the defendant fled, dropping the bb gun, he arrested a few minutes later and transported to Howard University Hospital.

## REASONS FOR DETENTION

### Eligibility

The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)() which authorizes the pre-trial detention of a defendant who, like this defendant, is charged with a crime of violence. Since the defendant is charged with assault on a federal officer, the defendant is eligible for pre-trial detention.

### Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

      d.      Record concerning appearance at court proceedings;

      e.      Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The defendant is charged with assault on a federal officer, a crime of violence.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant is a lifelong resident of the District of Columbia although his current address could not be verified.

**The weight of the evidence.** The weight of the evidence is substantial. Several police officers saw the defendant pull a gun on Investigator Parker.

**History relating to drug or alcohol abuse.** Current drug use is indicated by the most recent drug test.

**Record concerning appearance at court proceedings, prior criminal record and whether on probation or parole at the time of the present offense.**

Although the defendant was neither on probation or parole at the time of the present offense, he does have a history of drug possession and distribution. On 1/28/05, the defendant was convicted of possession of marijuana in the District of Columbia. He was sentenced to 30

days confinement and was released on 2/24/05. On 6/3/04, the defendant was convicted of possession of marijuana in the District of Columbia. He was sentenced to 90 days confinement and was released on 9/2/04. On 10/1/01, the defendant was convicted of distribution of cocaine. He was sentenced to 1-3 years of confinement, and 3 years of supervised probation, which was revoked. The defendant was released 7/8/03 and parole closed successfully 1/25/04. On 8/1/01, defendant was convicted of escaping from an institution. He was sentenced to 6 months confinement and a $100 fine. He was released on 7/8/03.

    A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The defendant pulled out what appeared to be a lethal weapon from his waistband and in cold blood aimed it directly at the head of an undercover officer who was standing only a few feet away. That he did so without any regard for life of the undercover officer or any other individuals who may have been in the street convinces me that there are no conditions or combination of conditions I could set that would reasonably assure the safety of the community. He should, therefore, be detained pending trial.

                                                                                              _____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: